# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT STILLINGS,

      Petitioner,

v.                                                                    Case No. 2:12-CV-15639

SHIRLEE HARRY,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Robert Stillings presently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254.  In his application, filed by attorney Sanford A. Schulman, Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct.[1]  For the reasons stated below, the court will summarily deny the petition for writ of habeas corpus.  Review of Petitioner's claims is waived because of his unconditional no contest plea.

## I.  BACKGROUND

Petitioner was originally charged with five counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct.  Following a preliminary examination, he was ordered bound over to stand trial in the Wayne County Circuit Court on the charges.

---

[1] Mich. Comp. Laws § 750.520b(1)(a); Mich. Stat. Ann. 28.288(2)(1)(a).

Before trial, Petitioner's counsel filed a motion to quash the information, which was denied.  Counsel also filed a witness list and a notice of intent to introduce evidence that the two victims in this case had made prior false sexual assault allegations against various persons.  The prosecutor, in response, filed a motion in limine asking the trial judge to bar admission of this evidence.  On the day of trial, the judge granted the prosecutor's motion in limine and ruled that the defense could not present this evidence at trial, first, because the notice requirement under Michigan's rape shield law had not been complied with, and secondly, because Petitioner's counsel had failed to show that this evidence established that the witnesses had made false sexual assault accusations in the past. (Tr. 8/10/2011, pp. 13-14).

Following the denial of the motion, Petitioner's counsel indicated that Petitioner would plead no contest to two first-degree criminal sexual conduct charges, in exchange for dismissal of the remaining counts and a sentence agreement made pursuant to *People v. Cobbs*, 505 N.W. 2d 208 (Mich. 1993).  The court agreed, under *Cobbs*, to sentence Petitioner to ten to twenty years in prison.  Before accepting Petitioner's no contest plea, however, the trial judge advised him of the rights that he would be waiving by entering his plea.  Petitioner specifically denied that any promises had been made to him other than what had been stated in the agreement that had been placed on the record. (*Id.,* pp. 14-18).  The prosecutor used the victims' prior testimony and the Investigator's Report to make out a factual basis. (*Id.,* pp. 19-20).

On August 25, 2011, Petitioner was sentenced to ten to twenty years in prison, and his conviction was subsequently affirmed on appeal. *People v. Stillings,* No. 308660 (Mich.Ct.App. June 22, 2012); *leave to appeal denied at* 822 N.W.2d 778 (Mich. 2012).

2

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The trial court judge erred when he barred the defense from inquiring about the complainants' previous false reports of sexual assaults.

II. The trial court judge erred when he denied the defendant's motion to quash when the testimony was highly incredible and contradicted by previous statements and the testimony of other witnesses.

## II.  DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face.  *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  *Id.*

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional

3

constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A no contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *see also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005).

Petitioner's first claim alleges that his Sixth Amendment right to confrontation was violated when the judge refused to allow him to question the witnesses about prior false sexual assault allegations.  By entering a guilty or a no contest plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004).  Petitioner's claim that the trial judge violated his Confrontation Clause rights by prohibiting him from questioning the victims about false sexual assault allegations has been waived by his no contest plea. *Hambrick v. Lafler*, No. 07-13703, 2010 WL 1754499, * 2 (E.D. Mich. April 30, 2010).

In his second claim, Petitioner contends that the trial judge should have granted his motion to quash the information because the evidence presented at the preliminary examination was insufficient to establish probable cause that he had committed the charged offenses.

Any challenge to the sufficiency of the evidence presented at Petitioner's preliminary examination has been waived by his no contest plea.  *See People v. New,* 398 N.W. 2d 358, 363 (Mich. 1986).  To the extent that Petitioner claims that there was insufficient evidence to convict him of these crimes, Petitioner's no contest plea waives any challenge to the sufficiency of the evidence to convict him. *See Post v. Bradshaw,* 621 F. 3d 406, 426-27 (6th Cir. 2010).

4

Petitioner's counsel alleges that Petitioner pleaded no contest believing that his first claim at the very least was preserved for appeal. [2]  Although Michigan law does permit the entry of a conditional plea to preserve an issue for appeal, it is well settled that a conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Lannom,* 490 N.W.2d 396, 398, n. 5 (Mich. 1992)*; People v. Reid,* 362 N.W.2d 655, 660 (Mich. 1984); *People v. Andrews,* 481 N. W. 2d 831, 832 (Mich.Ct.App. 1992); *People v. Kelley,* 449 N.W.2d 109, 110 (Mich.Ct. App. 1989); M.C.R. 6.301(C)(2); *see also Brown v. Trombley,* No. 05-CV-74047; 2007 WL 1013687, *3 (E.D. Mich. March 29, 2007).  Michigan law parallels Fed.Rule Crim. P. 11(a)(2), which states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty."

The plea transcript is attached to the petition, and it does not show any agreement by either the prosecutor or the judge to allow Petitioner to preserve either of his claims for appellate review.  Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea.  *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).  Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement provides otherwise than it

---

[2]  *See* Brief in Support of Petition for Writ of Habeas Corpus, pp. 26, 32.

5

unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90.  Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986).  A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced."  *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004).

In offering his plea of no contest, Petitioner did not preserve any right to appeal his first or second claim.  There is no indication in the plea transcript that Petitioner intended to plead conditionally, nor any indication that the trial judge and the prosecutor knew about or agreed with any such conditions upon the plea.  *See United States v. Martin,* 390 F. App'x. 533, 536-37 (6th Cir. 2010); *see also United States v. Herrera*, 265 F. 3d 349, 351-52 (6th Cir. 2001) (defendant waived right to appeal district court's order denying pre-plea suppression motion, notwithstanding any belief of defendant that he entered conditional plea and any misstatements of defense counsel and judge that might have contributed to that belief, where there was no writing indicating that guilty plea was conditional).

Because Petitioner's unconditional no contest plea waived review of his claims, Petitioner's habeas application is subject to summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases.  *See Reams v. Berry*, 541 F.Supp. 795, 797 (S.D. Ohio 1982).

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a habeas

6

claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Petitioner has not made a substantial showing of the denial of a constitutional right in these habeas claims, and the court will deny Petitioner a certificate of appealability.

## III.  CONCLUSION

IT IS ORDERED that Petitioner Robert Stillings' petition for writ of habeas corpus [Dkt. ##  1 & 2] is SUMMARILY DENIED.

IT IS FURTHER ORDERED that this court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 1, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

7

C:\Documents and Settings\wagner\Local Settings\Temp\notesFCBCEE\12-15369.STILLINGS.2254.Habeas.Denial.db.RHC.wpd